Aron Steuer, J.
The pleader of this petition evidently recognizes its deficiencies, for the petition contains the extraordinary allegation that another petition is to follow. So perhaps the easiest as well as the wisest disposition would be to dismiss without prejudice. But this well-advised course is not followed because it will inevitably result in another petition raising the same questions with a consequent repetition of the labor involved for all concerned.
Respondents are a mutual casualty insurance company and the Superintendent of Insurance. Petitioner is a creditor of the company, having loaned it $18,000. The loan was of the kind provided for in section 76 of the Insurance Law. This statute provides that an insurance company may borrow money or receive advances, to be paid back out of its surplus if and when the Superintendent deems that the financial position of the company so warrants. Petitioner has from time to time requested the Superintendent to authorize repayment but he has invariably answered that the condition of the company does not make it advisable. Recently the Superintendent has authorized the company to pay a dividend to the policyholders equal to 15% of their premiums.
As there is no formal prayer for relief, it is not quite clear what the petitioner wants the court to do in this situation. However, the supporting’ affidavits make it clear that in some way what the petitioner wants is to have his loan preferred over the dividend, so that if the latter is paid, he would be paid first. It is very probable that the omission of the prayer for relief is not inadvertent and that petitioner is in a dilemma as to how he wants the court to bring about the result he desires. As the petition is under article 78 of the Civil Practice Act, it is patent that petitioner does not seek relief by way of enjoining the dividend. This is so because an injunction is not one of the forms of relief provided by that article (Matter of Daniels v. *645 Daniels, 3 A D 2d 749, 750 and cases cited). While a mandamus against the Superintendent to require him to authorize repayment of the loan would be proper under the article, the necessary allegations are lacking and there is no indication that they can be supplied. The Superintendent cannot be required to act unless it is his duty to do so. It only becomes his duty to authorize repayment if the condition of the company warrants and the only proof in the record is the respondent’s statement that it does not; that is, unless permission to pay the dividend is such proof, and that is evidently what petitioner relies on.
It is axiomatic that in the case of a commercial corporation the declaration of a dividend is only proper if it has a surplus — that is, funds in excess of its obligations plus its capital. So at first blush it would appear that a finding by the Superintendent that a dividend was permissible, by necessary implication finds that a sufficient surplus exists to warrant payment of the loans. The difficulty with that reasoning has its origin in semantics. What are called “ loans ” and “ dividends ” are not the legal concepts that are ordinarily described by those words.
Taking first the loan — the statute provides that it shall be a contingent obligation of the company. Until the contingency (the approval of the Superintendent) arises the obligation is not a debit of the company and is not to be reflected in its assets and liabilities. That is not to say such obligations are or may be concealed; on the contrary, they must be shown on the company’s balance sheet but only as an advice of their existence and not as a liability. This is, therefore, not the kind of liability which would enter into a calculation of whether or not a dividend was permissible. And as this was indisputably what the petitioner contracted for, he has no cause for complaint.
The argument could well stop here, but the difficulty goes even deeper. The proposed dividend is not a dividend in the real sense of the word. It is well understood and has had frequent judicial recognition (Rhine v. New York Life Ins. Co., 248 App. Div. 120) that a so-called dividend to the policyholders of a mutual insurance company is a disbursement of quite a different character from the ordinary corporate dividend. The latter is a distribution of corporate profits. The former has its origin in the loading of the premium to provide for disaster and the return of that excess when the expiration of the premium period shows that disaster has not materialized. It is the ordinary and customary way of doing business in that field.
It is, therefore, petitioner’s position that the Superintendent should subordinate these contemplated repayments to the loans. *646 That is a possible viewpoint. But it is not the only one that is tenable under the circumstances. Under our law, which should have priority is a decision for the Superintendent, and not the court, to make.
The petition is dismissed.